IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

```
DONALD ROGER GRIFFIN, Jr.,      )   Cause No. CV 06-12-GF-SEH-CSO
                                )
          Plaintiff,            )
                                )
   vs.                          )   FINDINGS AND RECOMMENDATION
                                )   OF U.S. MAGISTRATE JUDGE
MONTANA DEPARTMENT OF           )
CORRECTIONS; CASCADE COUNTY     )
ADULT DETENTION / REGIONAL      )
CORRECTIONAL FACILITY; CAPT.    )
DAN O'FALLON; CPL. STEVE        )
ARCHULETA; CPL. STEVE GRUBB;    )
DAVE CASTLE; and MEGAN BOURNE,  )
                                )
          Defendants.           )
_____ )
```

On August 18, 2006, the Court requested a waiver of service of summons from counsel for all Defendants except the Montana Department of Corrections and the Cascade County Adult Detention Facility.  See Order to Serve Complaint by Requesting Waiver of Service of Summons (Court's doc. 7).  The waiver was to be returned on or before September 18, 2006.  It was not returned.

However, Griffin has since been released from custody at the Cascade County Detention Center ("CCDC").  The only relief he requests in his Complaint is "summary judgment" and "a permanent, statewide injunction against the enforcement of the internet mail

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

policy." Compl. (Court's doc. 2) at 4, ¶ VI.

Because Griffin is no longer housed at CCDC, he lacks standing to obtain injunctive relief. The standing doctrine arises from the "cases and controversies" requirement of Article III, but, where a request for prospective relief is concerned, it demands that a plaintiff "establish a real and immediate threat" of injury in the future. See City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983) (distinguishing between standing to seek damages and standing to obtain injunctive relief). Griffin cannot show such a threat here. In order to be detained once again at CCDC, he would have to violate the conditions of his intensive supervision and be designated by the Department of Corrections for placement at CCDC, rather than one of several other facilities. Those possibilities are too remote to allow Griffin to show a "real and immediate threat" sufficient to support his request for injunctive relief. Griffin's request for injunctive relief should be dismissed.

There being no other request for relief, the Court concludes that the Complaint should be dismissed.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Griffin's Complaint (Court's doc. 2) should be DISMISSED WITHOUT PREJUDICE on the grounds that he lacks standing to obtain injunctive relief.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within ten (10) calendar days after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Plaintiff must immediately notify the Court of any change of address. Failure to do so may result in dismissal of this case without further notice.

DATED this 13th day of December, 2006.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge